IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| EDWARD MARKUS HULLUM, | ) | CASE NO. 1:18 CV 1012 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Edward Markus Hullum under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.[2] Because substantial evidence supports the ALJ's no disability finding, the ALJ's decision is affirmed.

## Issues Presented

This case presents two related issues for decision:

- The ALJ found that Hullum's impairments did not require limitations in the residual functional capacity ("RFC") for a need to elevate his legs "as often as reasonable."[3] Does substantial evidence support that finding?

---

[1] ECF No. 19. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 11, Transcript ("Tr.") at 20.

- The ALJ gave the opinion of treating physician Dr. Andrew Brobbey that Hullum needed "to elevate his legs as often as reasonable" little weight.[4] Did the ALJ properly weight the opinion of Dr. Brobbey?

## Analysis

**A. Applicable law**

*1. Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[4] *Id.* at 24.
[5] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating physician rule and good reasons requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[8] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[9] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[10] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[11] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6).[12] The Court cautioned against collapsing these two distinct analyses into one.[13]

---

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[8] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[9] *Id.* at 375-76.
[10] *Id.* at 376.
[11] *Rogers*, 486 F.3d at 242.
[12] *Gayheart*, 710 F.3d at 376. I note that the regulations for both disability insurance benefits and supplemental security income mirror each other and will be used interchangeably throughout this opinion.
[13] *Id.*

3

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned applying the regulatory factors governing each analytical step.[14] Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[15] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[16] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both.

**B.    Application of applicable law**

I note that Hullum raises an RFC challenge at the outset in his brief, but the analysis portion focuses solely on the weight assigned to Dr. Brobbey's June 27, 2017 opinion. I decline to make Hullum's arguments for him. Suffice it to say, as a result I address this issue only to the extent it intertwines with the weight assessment given to Dr. Brobbey's June 2017 opinion.

Hullum maintains the ALJ erred in discounting Dr. Brobbey's June 2017 opinion on the ground "that there is no indication of the nature of the functional limitations with respect to the claimant's ability to perform basic work activities."[17] Hullum claims this

---

[14] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[15] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).
[16] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[17] Tr. at 24.

4

was inappropriate for two reasons: (1) Dr. Brobbey earlier completed a functional assessment as part of a "detailed" questionnaire; and (2) Dr. Brobbey's letter was related to, and intended to support, Hullum's hearing testimony about the need to elevate his legs.[18] The brief focuses solely on whether this was a "good reason" under Sixth Circuit law to assign less weight to a treating source opinion. Hullum asserts that the ALJ offered "no legitimate explanation" for the "dismissal" of Dr. Brobbey's June 2017 opinion.[19]

But the fact remains that Dr. Brobbey's June 2017 opinion is vague – what does it mean, exactly, to "elevate [one's] legs as often as reasonable"? The ALJ's articulated reason in the unified statement, then, is a valid criticism; this statement was not by Dr. Brobbey – and given its vagueness, cannot by the ALJ – be translated into functional limitations as required by the disability framework. Would Hullum challenge the ALJ's weight assignment had the ALJ discounted the opinion as vague?

Perhaps more significantly, Hullum's brief overlooks several statements made outside the unified statement that address the need for Hullum to elevate his legs.[20] First, in discussing Hullum's hearing testimony, the ALJ found as follows:

> While the claimant testified at the hearing that the main reason he is unable to work is due to shortness of breath and the need to elevate his legs due to swelling, recent treatment records show that the claimant denied symptoms of shortness of breath, chest pain, orthopnea, muscle aches or joint pains and physical examinations indicated no edema or difficulty with range of motion. Additionally, the evidence of record shows that the claimant was non-compliant with prescribed treatment or

---

[18] ECF No. 13 at 8.
[19] *Id.* at 11.
[20] Tr. at 21-23

5

medications and recommendations for lifestyle changes during the relevant period. Although the claimant reported an inability to afford medications, the evidence shows practitioners discussed options for low-cost medication and medical care and stressed compliance with medication. (Exhibit B6F/l 7) Further, the claimant failed to comply with multiple directives from his cardiologist and other treating sources to lose as much weight as possible. (Exhibits B3F: B4F: B6F-B8F)[.][21]

In analyzing the most recent medical evidence in 2016 and 2017, the ALJ explained:

> More recently, in 2016 and 2017 treatment notes, the claimant reported that he was doing well and consistently denied shortness of breath with exertion, chest pain, orthopnea, muscle aches or joint pains. In addition, physical examinations continued to show generally benign findings including regular heart rate and rhythm with no murmurs, rubs or gallops, no joint swelling or deformity, no edema, no calf tenderness, and normal range of motion. At times, abnormal findings were indicated such as paraspinal muscle spasms, tenderness over right knee with mild swelling and tenderness over the lumbar spine. However, these abnormal findings were intermittent compared to the generally benign findings, and resolved with treatment. (Exhibits Bl5F; Bl7F)[.][22]

The ALJ concluded overall:

> Giving the claimant the benefit of every possible doubt, the undersigned has credited his allegations as much as the medical evidence of record allows given the physical examination findings, conservative treatment noted improvements. However, the evidence of record as a whole does not support the extreme limitations to which the claimant testified. Notably, despites [sic] testimony regarding shortness of breath and need to elevate his legs due to swelling, treatment records show that he consistently denied symptoms of shortness of breath and chest tightness and physical examinations showed no edema and normal range of motion. However, the claimant's subjective allegations in combination with his physical impairments, supports limiting him to sedentary

---

[21] *Id.* at 21.
[22] *Id.* at 22-23.

exertional work with postural and environmental limitations as outlined above in the residual functional capacity. The record supports a finding that the claimant remains able to sustain full-time employment despite these limitations.[23]

Consistent with these findings, the ALJ found Hullum capable of performing sedentary work, with additional limitations.[24]

The ALJ explicitly found, regardless of the reason given for assigning little weight to Dr. Brobbey's June 2017 opinion, that the record simply failed to support the need for Hullum to elevate his legs due to swelling.

An independent review of Dr. Brobbey's treatment notes show a total of two references to edema – both in 2015 –neither of which were identified by Hullum in his brief or his charts. One May 2015 record notes "chronic non-pitting edema" with no specified treatment identified for this condition.[25] Another in July 2015 notes "+1 edema" with treatment to consist of continued use of diuretics.[26] All other treatment records from Dr. Brobbey – including the most recent ones from 2016 and 2017, as the ALJ correctly noted – show no edema. Hullum does not argue the ALJ erred in failing to mention these two specific records in his analysis.[27]

---

[23] *Id.* at 23.
[24] *Id.* at 20. As Hullum's counsel pointed out during oral argument, although the ALJ assigned partial weight to Dr. Brobbey's 2012 Physical Capacities Evaluation, the ALJ essentially adopted Dr. Brobbey's sedentary functional capacity recommendations. *See id.* at 20, 745.
[25] *Id.* at 741, 832.
[26] *Id.* at 828-29.
[27] And any such error by the ALJ would be harmless given the most recent evidence in the record and articulated by the ALJ. *N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) ("To remand would be an idle and useless formality. *Chenery* does not require that

7

The ALJ discounted the need for Hullum to elevate his legs as being inconsistent with and unsupported by the overall medical record – a good reason for lesser weight.[28] Therefore, even if the ALJ's reason for lesser weight for Dr. Brobbey's June 2017 opinion in the unified statement is not a "good reason," any error is harmless. When substantial evidence exists on each side, the ALJ's decision is within the zone of choice and must be affirmed.

## Conclusion

Substantial evidence supports the ALJ's no disability finding. The ALJ's decision is, therefore, affirmed.

IT IS SO ORDERED.

Dated: July 30, 2019                          s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

we convert judicial review of agency action into a ping-pong game. . . There is not the slightest uncertainty as to the outcome of a proceeding before the Board . . . It would be meaningless to remand."); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (citing and quoting *Wyman-Gordon Co.*, 394 U.S. at 766 n.6)).
[28] Tr. at 21-23.